The COUNTY OF MILWAUKEE,
Plaintiff,

v.

VETERANS ADMINISTRATION CEN-
TER, an Agency of the United States
Government, Defendant.

The COUNTY OF MILWAUKEE,
Plaintiff,

v.

VETERANS ADMINISTRATION CEN-
TER, an Agency of the United States
Government, Defendant.

The COUNTY OF MILWAUKEE,
Plaintiff,

v.

VETERANS ADMINISTRATION CEN-
TER, an Agency of the United States
Government, Defendant.

Civ. A. Nos. 72-C-275, 72-C-342 and
72-C-343.

United States District Court,
E. D. Wisconsin.

Argued May 4, 1973.

Decided May 7, 1973.

Hector de la Mora, Asst. Dist. Atty.,
Milwaukee, Wis., for plaintiff.

David J. Cannon, U. S. Atty., by Steven
C. Underwood, Asst. U. S. Atty., Mil-
waukee, Wis., for defendant.

## MEMORANDUM DECISION AND ORDER

REYNOLDS, Chief Judge:

The plaintiff Milwaukee County is su-
ing the defendant Veterans Administra-
tion Center of Wood, Wisconsin, for the
defendant's failure to comply with Mil-
waukee County Ordinance 89.02 requir-
ing those who operate certain burning
equipment to also use dust separating
equipment. These three civil actions
were removed to this court pursuant to
28 U.S.C. § 1442(a)(1). Defendant now
moves to dismiss these actions claiming
that they are barred by the doctrine of
sovereign immunity. The motion in each
action is denied.

By enacting 42 U.S.C. § 1857f Con-
gress consented to suits against agencies
of the federal government for violation
of local requirements respecting control
of air pollution:

"Each department, agency, and in-
strumentality of the executive, legis-
lative, and judicial branches of the
Federal Government (1) having juris-
diction over any property or facility,
or (2) engaged in any activity result-
ing, or which may result, in the dis-

charge of air pollutants, shall comply with Federal, State, interstate, and local requirements respecting control and abatement of air pollution to the same extent that any person is subject to such requirements. * * * "

Defendant points out that the same law gives the President of the United States authority to exempt an emission source from compliance with such requirements if "he determines it to be in the paramount interest of the United States to do so." Defendant contends that Executive Order 11507,* issued February 4, 1970, and published in volume thirty-five of the Federal Register at page 2573, amounted to such an exemption, and on that contention this motion is based.

Examination of Executive Order 11507 in its entirety, however, reveals that it dealt only with compliance with the Clean Air Act, as amended, the Federal Water Pollution Control Act, as amended, and such other federal regulations as the director of the federal agency in question might impose. See § 4(a)(1) and (b) of Executive Order 11507. I do not understand the order as in any way creating an exemption from independent state or local pollution control requirements. On the contrary, the tone and content of the order as a whole along with its broad savings clause suggest that enforcement of other requirements should proceed without interference.

Plaintiff argues that even if Order 11507 encompassed local ordinances, the late date for compliance it authorized does not apply here since plaintiff established an earlier date for compliance at an "enforcement conference." If plaintiff did in fact hold an "enforcement conference," its point is well taken. Executive Order 11507, however, does not indicate what constitutes an "enforcement conference called pursuant to law." Nor do the parties in their briefs suggest the proper interpretation of that language or describe the conference actually held in this case. Fortunately, I need not decide

the issue since I do not believe the Executive Order deals with local requirements at all. A better record will be needed, however, if the issue arises again.

For the reasons given,

It is ordered that defendant's motions to dismiss each of the above-entitled actions be and they hereby are denied.

---

* Executive Order 11507 was recently published in full in the annotations to 42

U.S.C.A. § 4331. See 42 U.S.C.A. § 4331 (Supp. 1970).